UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-22659-BLOOM/Louis

DANIEL KESNECK,

    Plaintiff,
v.

MIAMI-DADE COUNTY DEPARTMENT
OF CORRECTIONS AND REHABILITATION,
*et al*.

    Defendants.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

**THIS CAUSE** is before the Court upon Plaintiff's Amended Complaint, ECF No. [15], asserting claims under 42 U.S.C. § 1983 against Defendants Miami-Dade Department of Corrections and Rehabilitation ("MDCRD"), Corrections Health Systems ("CHS"), and fifteen (15) John/Jane Does ("Doe Defendants"). This case was previously referred to the Honorable Lisette M. Reid for a Report and Recommendations ("R&R") on all dispositive matters. *See* ECF No. [2]. On January 10, 2020, Judge Reid issued the R&R, recommending that the Amended Complaint be dismissed without prejudice. ECF No. [16]. After an extension, Plaintiff filed timely objections, ECF No. [21] ("Objections").

The Court has reviewed the Amended Complaint and the record, has conducted a *de novo* review of Judge Reid's R&R in light of the Objections, and is otherwise fully advised in the premises. *Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) ("Where a proper, specific objection to the magistrate judge's report is made, it is clear that the district court must conduct a *de novo* review of that issue.").

In the R&R, Judge Reid concluded that dismissal of the claims asserted against MDCRD and CHS is warranted because they are premised upon *respondeat superior*, and even if read to allege liability premised upon a custom or policy, the allegations are insufficient to state a claim. Moreover, Judge Reid concluded that the claims against the Doe Defendants should be dismissed because they are not described with sufficient particularity to allow service of the Amended Complaint, and because discovery to ascertain the Doe Defendants' identities is not possible in this case because there is no one from whom to seek discovery.

Plaintiff does not specifically object to the portion of the R&R recommending dismissal of his claims against MDCRD and CHS. Rather, Plaintiff disagrees with Judge Reid's conclusion regarding dismissal of the Doe Defendants. Specifically, Plaintiff argues that the Amended Complaint alleges where the Doe Defendants work, their positions, the timeframes of their employment, and the times they worked. Plaintiff contends that through work schedule records or payroll records obtainable through MDCRD and CHS, the Doe Defendants may be identified. Therefore, Plaintiff argues that this case should be permitted to proceed so that he may obtain the names of the Doe Defendants through discovery.

However, Plaintiff's argument overlooks the portion of the R&R that recommends dismissal of the claims against MDCRD and CHS, with which this Court agrees. As a result of the dismissal of those claims, MDCRD and CHS would not be required to engage in discovery in this case. As such, Plaintiff may not rely on the discovery provisions of the Federal Rules of Civil Procedure to help him identify the individual Doe Defendants. The instant case is not like *Dean v. Barber*, 951 F.2d 1210, 1215-16 (11th Cir. 1992), in which the Eleventh Circuit determined that the district court should have allowed the plaintiff to add the "Chief Deputy of the Jefferson County Jail John Doe" as a defendant, because in *Dean*, the sheriff remained a defendant in the case and

there was discovery outstanding which would have clearly identified the individual. Thus, unless Plaintiff can assert sufficient claims against a municipal defendant, Plaintiff cannot avail himself of the proposed discovery.

Indeed, parties generally may not plead fictitious parties in federal court. *Williams v DeKalb Cty. Jail*, 638 F. App'x 976, 976 (11th Cir. 2016) (citing *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010)). Thus, fictitious names, such as "Charge Nurse of MWDC North Clinic on duty July 7, 2017 at approximately 9:30 p.m." "when the real defendant cannot be readily identified for service, is insufficient to sustain a cause of action." *Id*. at 976-77 (footnote omitted).

Upon review, the Court finds the R&R to be well reasoned and correct. The Court therefore agrees with the analysis in Judge Reid's R&R and concludes that this case should be dismissed for the reasons set forth therein.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Objections, **ECF No. [21]**, are **OVERRULED**;
2. Judge Reid's R&R, **ECF No. [16]**, is **ADOPTED**;
3. The Amended Complaint, **ECF No. [15]**, is **DISMISSED WITHOUT PREJUDICE**; and,
4. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers in Miami, Florida on February 11, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Daniel Kesneck, *pro se*
G90263
Taylor Correctional Institution
Inmate Mail/Parcels
8501 Hampton Springs Road
Perry, Florida 32348